UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANA PLACIDO GALEANO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 22-cv-01177 |
| | ) | |
| v. | ) | Judge Sharon Johnson Coleman |
| | ) | |
| DISCOUNT GREEN DRY CLEANERS, INC., et al., | ) ) ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Juana Placido Galeano filed a two-count complaint against Defendants Discount Green Dry Cleaners, Inc., Amjad Rehman, and Mohee Uddin (collectively "Defendants") alleging violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, for unpaid overtime wages. Defendants move for summary judgment as to both counts. For the reasons explained below, the Court denies Defendants' motion [49].

**Background**

The Court reviews the parties' statements for compliance with Local Rule 56.1, which "aims to make summary-judgment decision making manageable for courts." *Kreg Therapeutics, Inc. v. VitalGo, Inc.*, 919 F.3d 405, 415 (7th Cir. 2019). Asserted facts are deemed admitted if the opposing party does not refute them "with specific citations to evidentiary material." Local Rule 56.1(e)(3) (N.D. Ill.); *see Edwards v. Maestro Food Co.*, No. 19 CV 8451, 2021 WL 4258976, at *1 (N.D. Ill. June 3, 2021) (Shah, J.).

After Defendants filed their statement of facts pursuant to Local Rule 56.1(a)(3), Defendants failed to reply to Plaintiff's response and failed to respond to additional statement of facts. Accordingly, the Court deems the Plaintiff's facts admitted, as the sanction for failure to reply is the

same for failing to respond: "admission of the opposing party's factual contention." *Malec v. Sanford,* 191 F.R.D. 581, 584 (N.D. Ill. 2000) (Castillo, J.). Notwithstanding these admissions, the Court construes Plaintiff's submissions, and the record evidence, in the light most favorable to the Plaintiff.

Plaintiff was an employee at Discount Green Dry Cleaners. During the relevant period Uddin and Rehman owned and operated the cleaners and supervised the Plaintiff and all other employees. Plaintiff's work consisted of ironing, cleaning, and seamstress. The parties had an agreement that Plaintiff was to be paid $550 per week and would be paid monthly for commission-based services. Although there is no record of the exact times Plaintiff arrived and left work, she estimates that she worked approximately 52 hours per week. Plaintiff asserts she never received overtime pay while working for Defendants between 2019–2020. Plaintiff further asserts that, based on her observations while working at the Defendants' Naperville and Chicago, Illinois locations, Defendants earned at least $500,000 a year, as required for FLSA liability.

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's evidence as true and draws all reasonable inferences in that party's favor. *See Johnson v. Advoc. Health & Hosps. Corp.,* 892 F.3d 887, 893 (7th Cir. 2018). The party who bears the burden of proof on an issue may not rest on the pleadings or mere speculation, but must affirmatively demonstrate that there is a genuine issue of material fact that requires a trial to resolve. *Celotex v. Catrett*, 477 U.S. 317,

324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If there is a genuine issue of material fact as to any party, the Court must deny summary judgment.

**Discussion**

Defendants argue summary judgment is appropriate because (a) Defendants are not bound by the FLSA, since they did not earn $500,000; (b) Plaintiff never worked over 40 hours a week, therefore she is not entitled to overtime pay; and (c) Plaintiff was a supervisor earning a salary, so she does not qualify for overtime pay under the FLSA or IMWL.

To support their motion, the only "evidence" the Defendants provide are unsigned and undated declarations by Rehman and Uddin, which are deemed inadmissible at summary judgment. *See Davis v. Wells Fargo Bank*, 685 F. Supp. 2d 838 (N.D. Ill. 2010) (Aspen, J.) (explaining declarations submitted for summary judgment, which were not personally signed by the declarant nor dated, and were not certified in any other way, were not admissible to support the relevant summary judgment motion). Parties must litigate their case through evidence. *See Est. of Logan v. City of S. Bend, Indiana*, 50 F.4th 614, 615 (7th Cir. 2022). Here, Defendants have outright disregarded their burden of bringing forth evidence to litigate their motion, by not filing any evidence with their motion. Consequently, there remains a genuine issue of material fact.

**Conclusion**

For the reasons above, the Court denies Defendants' motion for summary judgment [49].

**IT IS SO ORDERED.**

Date: 2/14/2024

Entered:

_____
SHARON JOHNSON COLEMAN
United States District Judge